DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cr-0003 |
| | ) |
| EDWIN VARGAS, | ) |
| DANY PEREZ-BRITO, and | ) |
| LENIN CORNELIO-PEREZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**THIS MATTER** is currently scheduled for a sentencing hearing on Thursday, September 24, 2020.

Ordinarily, and pursuant to Federal Rule of Criminal Procedure 43, a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). However, due to the COVID-19 pandemic, the District of the Virgin Islands has curtailed certain in-person proceedings to safeguard the public's health and safety. Nonetheless, Congress recently provided that under certain circumstances a sentencing may be conducted by video teleconference.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect

the functioning of [] the Federal courts generally";[1] (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety";[2] and (3) the district judge in a particular case must "find[] for specific reasons that the . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

Accordingly, it is hereby

**ORDERED** that, to the extent any defendant wishes to be sentenced by video teleconference, that defendant shall file a motion that complies with the CARES Act, i.e., a motion that specifies whether that defendant, after consultation with counsel, consents to be sentenced by video conferencing and articulates why the sentencing cannot be further delayed without serious harm to the interests of justice; and it is further

**ORDERED** that the above-referenced motion shall be filed no less than seven (7) days prior to the date of sentencing.

**Dated:** August 24, 2020          /s/ Robert A Molloy
                                    **ROBERT A. MOLLOY**
                                    **District Court Judge**

---

[1] On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

[2] On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, the Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period unless terminated earlier.